May it please the court, Davina Chan on behalf of Eric Quinn Franklin, I would like to reserve five minutes for rebuttal. Eric Franklin is serving a 20-year mandatory minimum sentence that no one thinks he deserves. The government below described the sentence as draconian and explained that it had repeatedly tried to settle this case for much less. It had repeatedly tried to settle the case? Yes. The court itself indicated that there was no evidence that Mr. Franklin was a violent person and that, but for the mandatory minimum, the court would have considered a lower sentence. Mr. Franklin received a 20-year sentence because his lawyers didn't gain his trust and because the court got the ACCA analysis wrong. This court should reverse. You say six lawyers didn't gain his trust? Is that what you mean? Several lawyers didn't gain his trust, that's true, but I apparently have. He has not moved to fire me. Unless the court prefers I address other issues, I'd like to focus today on the requirements of the ACCA, specifically the requirement that the three convictions be for offenses committed on occasions different from the other, and the district court's refusal to grant or even hear Mr. Franklin's motion to substitute counsel. Can we talk about the problem? Counsel, I'm sorry, there is another issue that is of concern to me. If you would include it in your discussion, and that is the Feretta question. In discussing the Feretta question, I want you to assume, for the sake of what I'm going to ask you now, that we are not persuaded about the suppression issue, that is, that there wouldn't be a reversal on that ground, but if we agreed with you about Feretta and disagreed with you about suppression, would we even reach the sentencing question? If you agreed with me about Feretta and disagreed with me about suppression, you would reach the ACCA sentencing question, because the ACCA sentencing question, at least a portion of it, is that there was insufficient evidence at trial. And so even reversing just the sentencing at the end, this court would still need to I don't know if I understand that, and tell me what the basis for that is, because it seems like if we agree with you on Feretta, wouldn't we have to vacate the sentence? You would have to vacate the sentence, but the question would be... If we vacate the sentence, I'm sorry, but if we vacate the sentence, I'm just trying to figure out, normally that means it goes back for resentencing, regarding all the matters, and so I'm having trouble figuring out why we would decide something regarding ACCA if the sentence is vacated. I think the only portion of the ACCA that this court would need to decide, if it were to vacate on the Feretta issue, would be whether the requirement that the government prove that three convictions be committed on occasions different from one another, is a jury question. Because if that's a jury question, it's undisputed that there was no evidence at his trial. But that's still a sentencing, I mean, whether or not ACCA apply, I mean, whether or not that provision of ACCA is going to affect his sentence, is a sentencing matter. It's a sentencing matter that depends on what evidence there was at trial. But that would have to be decided at sentencing. But I suppose it's true that the district court could then address that particular issue. Also, it assumes that the prosecutor is going to continue to seek an ACCA sentence. Absolutely, Your Honor. Right, which, possibly not, there could be a plea bargain, who knows what happens there. Yes, there could, especially if this court resolves the suppression issue one way or the other, because he wants it that way. You seem to think that we would. But I'm not sure, so is there any authority, or is it just your reasoning that we would have to discuss or get to ACCA? I guess my reasoning is that this court always addresses sufficiency of evidence issues regardless of its resolution of any other issue in a case. But it's not a sufficiency of evidence issue for the verdict, it's a sufficiency of evidence issue for the sentence. Yes, that's right. Therefore, it only arises at sentencing. That is true. And so, I guess, instinctually, I always think that if the question is whether the jury needed to find it or not, that's something that the Court of Appeals... We do, sometimes, not always, decide questions that are inevitably going to come up on remand even if we're vacating something. But this isn't inevitable, it appears to me. That's true. It's not inevitable for the number of reasons that you've identified. Perhaps the government will not seek the ACCA, and perhaps the district court will address the question, whether it's a jury question or not, and then the additional question. So let's talk about Ferretta, because I anticipate the government's going to get some questions about the Ferretta matter. Sure. What's your best argument as to why? Well, I think that the Ferretta argument is really twofold. One is that his choice to proceed pro se was not voluntary. At the time that he decided to proceed pro se, or elected to proceed pro se, he was given an option. He could proceed with the attorney he already had, where there was, at that point, very clearly an irreconcilable conflict. Well, but we'd have to find that first to agree with you. Yes. Right? If we didn't agree with you, which would essentially be a finding that the judge should have substituted counsel yet again. Right? Yes. Or at least discussed that. But Mr. Sena himself said at that point, right before Mr. Franklin went pro se, yes, there's a conflict. It's irreconcilable. But isn't the more straightforward problem here that our case law is just very specific about the need to have a very specific colloquy, and it just never happened? Yes. Well, let's talk about that, because it looks like that some of the, if you look at the record as a whole, regarding the FRERETA's information that needs to be communicated to the defendant, Mr. Franklin acknowledged understanding of his charges, and I think the penalties, at arraignment. And I know that was some time before, I think it was a year or two years before? Perhaps three years before. Okay. But he had reviewed the PSR, at least that's what it looked like the record had supported, that he had reviewed the PSR, and he was pretty actively involved in his own defense. So I'm just trying to see, doesn't that matter? I mean, why shouldn't we consider that? In terms of his knowledge of the nature of the charges and the penalty, he clearly knew what the nature of the charges were, he had already been to trial. But in terms of the penalty, he even said to the court, you know, when you're looking at 20 years, your lawyer can just, you know, smirk at you and not do anything. He didn't express any understanding that the actual possible penalty in this case would be life plus five. And then FRERETA also requires more. FRERETA also requires a discussion about what the disadvantages of proceeding pro se were. All we had here was a discussion several months earlier in which the court said, it's not a good idea to be pro se. But nothing specific. It was quite similar, in fact, to the colloquy that this court said was not sufficient, and I believe the case was Hays, which is sort of, it's not enough just to tell the defendant, it's not a good idea to go pro se. In addition, you have to explain why that would be. So in this case, the court never did that. All he said was, we've had this discussion before, but in fact, the court had never had that discussion. So each prong of the FRERETA, like I said, I think that clearly he knew the nature of the charges. But in terms of what the possible penalty was and the consequences of proceeding pro se, that colloquy never occurred in this case. If the court doesn't have any further questions about this. I mean, are you going to talk about, go ahead, talk about what you want to talk about. I would like to know what the court would like to talk about. I'm happy to talk about anything that the court would like me to address, perhaps like. Well, although our need to reach ACCA is contingent, I do think it's an interesting and complicated question. Now, I gather that first of all, the government's position is that the DECOMP version of this wasn't raised. That is their position. It appears to me that it was raised. It appears to me that it was raised by the appellant, by the petitioner himself in his pro se briefings. When you say the DECOMP version, I think you're asking me in terms of what you can conclude from the charges. The factual question whether there were separate occasions was raised, but whether it was sufficiently proven or whether it had to go to the jury, was that raised? That was raised. In a 28-J letter, and I apologize that it was through a 28-J letter, I point to a pro se submission from the defendant where he objects to a certain paragraph in the PSR. And that paragraph in the PSR said on three separate occasions such and such a thing occurred. And his specific objection to that was, that was neither admitted by me nor proved to a jury. I mean, that's very eloquent for a pro se. And in fact, the court in rejecting it said, I reject, you know, page 20, his objections to these three things because that's not required to go to the jury. Then the question becomes, the verdict here, the state court verdicts did have dates in them. Yes. And that's not sufficient because, so on the, as to the conviction, I understand the conviction and offenses are different, but as to the state law definition or proof of the defense, of the offense, included the date. Why exactly? I assume it's because in some fashion or another for state court purposes, you have to prove that they're separate offenses by whatever the state law means as a separate offense. And in this instance, it seems to have been dates. And in fact, the dates were in the verdict. So why is that, cannot that be part of the conviction? Well, this jury specifically was instructed that those dates. I understand that. But it becomes a question of what is for Alamandar's Taurus purposes, part of the conviction or for DACOM purposes, quote, an element, right? Yes. And it seems to have been treated as an element in the state court because it was actually in the indictment and in the verdict. Right. But it doesn't, wasn't treated as an element because if it had been treated as an element, the jury would have been instructed that it had to find those specific dates. And it did. It did. The jury was instructed that it only had to find on or about those specific dates. Well, first of all, I don't know what that means, but second of all, it actually found the dates. The verdict forms have the dates not on or about. The verdict forms have the dates, but in order to check yes on the verdict form, the jury was instructed that it needed to find only on or about. So just as a hypothetical, if the jurors all believed that the offenses occurred on September 5th, let's just, I mean, I know I'm making something up, but let's just say that that happened. They could have checked at all three boxes yes because they were instructed that what they needed to find as to count one was on or about September 3rd. And as to count two, on or about September 5th. And as to count three, on or about September 7th. All of those are about September 5th. There would have been absolutely no reason for the jury to vote not guilty because they thought they all occurred on September 5th. Well, suppose, I mean, just conceptually to find out what is part of the state law offense, suppose it had to say on or about, suppose that it just had the dates. Would that be the end of the problem? That would be much more difficult. If it just had the dates, that would be much more difficult. We would still have the question that under Washington state law, the date is not an element of the offense unless... That's what I'm trying to understand. What is that? There is something, some background understanding in any charge of an offense as to what are the parameters of that offense. Yes. Right? Even if it's not spelled out, when the statutes, state court statute says, you know, it's a crime to possess for delivery a controlled substance, they're talking about something that makes that a discreet occasion from another time that you possess drugs for delivery. It could be who you, or you sell it. It could be who you sell it to. It could be which physical drugs they are, or it could be the date. Now here it seems to be the date because the date, or at least a version of the date, was both charged and found. So why can't we regard that as an element? Something about the date. Let's leave the on or about off for the moment. Okay. Well, because Washington state law tells us that the date is not an element of the offense except in two occasions. One is if there's an alibi defense. Okay? So in that occasion, the date would be an element of the offense. And the other is if there's a statute of limitations issue. So Washington law answers the question for us. The date is not an element of the offense. And going back to our entire line of... But here, there were three offenses charged in Washington. Yes. Something... If he had said, if the defense was, well, I didn't sell it on September, either about September 5th, I sold it in December, would that have been a defense? Well, that's not on or about. I mean, as most cases... Well, but you're saying the date isn't an element at all, so it wouldn't be a defense on that theory. Well, it would be a defense because it's not on or about anymore. Right? I mean, that's... But you just told me that the date, in no form of the date, is an element of a crime. Well, then we have questions, and I'm not sure about Washington law, like I would be about federal law, whether there's a constructive amendment, because there's a notice problem there. Right? So even though it's not an element of the offense, the defendant is not placed on notice that he's defending a crime in December if it says September. But that's very different from saying something's an element of the offense on which the jury needs to be unanimous. Doesn't this discussion at least prove that this is not a sufficiently straightforward application of de compte, that a three-judge panel could reverse our clear earlier precedent? I think that a three-judge panel could reverse its earlier... I should say that my instinct in this was otherwise to begin with, but the more I've thought about it, the more I've been concerned about what it is that makes an offense an offense under state law, and the fact that the date is in the verdict forms here. Yes, the date is in the verdict form, but of course the jury was not instructed that it needed to find the date. So the verdict form... You know, it's sort of like California burglary. Let's go back to California burglary. In fact, quite a few California informations say, unlawfully entered, blah, blah, blah, even though unlawfully is not an element. And when a defendant pleads guilty, he may well say unlawfully entered, but we know after de compte that that unlawfully can't be an element that increases somebody's sentence. That means several things, and in fact, that's a very discreet problem of its own, which is that unlawfully in California seems to mean not privileged, and doesn't meet the federal... But I think... That's what it actually means in California, doesn't meet the federal standards. But even if it did, even if that word unlawfully that was inserted into an information actually meant the same thing as generic burglary, we would know that that wouldn't be enough because it would not be necessary to the conviction. Here, we know that a jury finding as to the dates was not necessary to the conviction because the jury, in fact, made no specific finding to the dates. And so if we allow the federal court... But it did make a specific finding as to dates. We have to look at a jury's verdict in relation to what it was told it needed to find, right? So in this particular case, it was told it needed to find that something occurred on or about certain dates, not on a specific date. It wasn't told that these three needed to be separate. In fact, I believe under Washington law, that would be a judge question. And this is kind of where it all lays out in the end, is that if a jury didn't need to find it then, and a jury doesn't need to find it now, this is a fact about an offense. Not a fact about a conviction, it's a fact about an offense that a judge is making to increase a sentence from a 10-year maximum to a 15-year minimum. And I think on that, de Camp is very clear. The judge cannot make findings of fact that increase the sentence. We know here that although the verdict form lists three separate dates, that jury did not make that finding of fact because it was not instructed it had to. That jury didn't make... Whether or not it was instructed it had to. So that's an oddity right there. So for instance, if a California burglary case, if the jury was instructed you need to find entry, you need to find intent, and you need to find with intent to commit a felony or a larceny, but the jury verdict form said, we find him guilty of unlawfully entering on such and such a date. We would know that that word unlawfully wouldn't help because the jury was not instructed it needed to find it. That's a different problem. Anyway, thank you very much for your argument and we will give you a minute in rebuttal. Thank you. Good morning, your honors. May it please the court. Michael Morgan for the United States. I guess I will begin with Feretta since that's where the court seems to be concerned. There's no dispute that there was no Feretta colloquy at the sentencing proceeding. That's just an indisputable fact. And no substantial one at any point. Well, no, because in fact there was no substantial Feretta inquiry because prior to sentencing the defendant had never asked to go pro se. He was always asking for another lawyer. I thought you were going to tell us that you were going to point to something that happened earlier. No, I am going to point to something that happened earlier because the question as this court's case is made clear that while it is infinitely preferable for a court to engage in a formal Feretta inquiry before allowing a defendant to go pro se, ultimately failure to do so is not itself reversible error if the record as a whole shows that the defendant made a voluntary waiver of his right to counsel. And the government would submit that all three prongs that this court requires of a valid Feretta waiver were met here, both at arraignment and importantly in the pre-sentence report the maximum possible penalties including the consecutive five-year life term for the 924c count were explained to the defendant and prior to asking to withdraw or asking to go pro se, the defendant indicated to the court that he had reviewed the pre-sentence report and in fact had many objections to it. And if he had reviewed it and knew it, why did he say I'm only facing 20 years? Well, because the government had told him that the government was seeking the mandatory minimum. Isn't that problematic? I don't think it's problematic because I think it recognizes the realism of the situation. I mean, the defendant was not realistically facing life plus five. There was no way in the world the district court was giving him life plus five. So when judges do give Feretta, they don't have to really be that concerned about what the maximum penalty is? No, no. They have to explain what the maximum penalty is. And did that happen here? The judge did not, but it was made clear in the pre-sentence report. How do you know? Because the pre-sentence report says the maximum possible penalty. I know, but how do you know that the defendant understood that? Because the evidence that we see reflects that he may not have. Well, I suppose if you're going to say that he's facing 20, that he didn't understand. Well, we don't know. That's the problem. And it seems like that goes to the heart of Feretta. Although he did say he perfectly understood at arraignment. So that was two and a half years earlier. I accept that, but he nevertheless said that. So do you, I mean, is there any authority with respect to that? I mean, I understand that because I saw that as well, but it seems like that's... There is authority. For the two and a half years earlier, I'm understanding the penalty? Oh, no. Not necessarily two and a half years. I mean, I grant you that this is, it's a totality test. And if it was just two and a half years, if it was just the colloquy at arraignment, I understand the refresher that happened in the pre-sentence report. With respect to the nature of the charges, I think the defense even concedes that there's no question he understood the nature of the charges. He had been through the trial, so he knew the nature of the charges against him. And I think it's unfair to characterize the district court's colloquy during the August 2003 hearing on the motion withdrawal as inadequately describing to Mr. Franklin the perils of proceeding pro se. The court told him he would be at an extreme disadvantage because he didn't have the experience and knowledge that an attorney would have. But it didn't spin out. I mean, what our cases seem to require is some spinning out of exactly what aspects of the trial process that mattered for, i.e. the selection of the jury. Well, in this instance, we didn't have a selection of the jury question. But I suppose the fact that we're dealing with sentencing, a discrete issue, makes it all the more important to talk about exactly what it is, that it would matter to have a lawyer versus not having a lawyer. Well, respectfully, Your Honor, I would say that the court's cases actually say there's no specific litany. You just have to sort of... But the cases do list what kinds of things there needs to be an understanding about. Well, granted, and I would suggest that sort of if you look at Ferretta itself, the colloquy in this case is not substantively different than the colloquy that took place at Ferretta. So it's difficult to... But we have a bunch of cases in between, do we not? You do. It's more specific about what he's supposed to know. And you're talking about the most... From the August 19th, 2013? Yes. And then he was sentenced on February 3rd, 2014? Yes. The August... The hearing in August was in relation to, again, another motion to substitute counsel. What about the fact that this was only a sentencing and the other was not a sentencing, and that the considerations, in fact, are different as to what the lawyers do within two contexts? Well, the considerations are different, but I do think that sort of advising the lawyer... Therefore, he was given no context-specific advice. Well, the basic problem, I mean, being realistic, the basic problem of not having a lawyer is that you don't have the knowledge and experience to know how the process works. And that was imparted to the defendant. Whether that process is a trial or a sentencing, the concern is the same, is that your lack of experience and knowledge is going to handicap you in your ability to deal with the process. And the district court was quite clear to Mr. Franklin that he would be at a disadvantage if he tried to proceed without counsel. And if I can't convince the court that the record as a whole supports the FRERETA... I'd like to know your position on sentencing and whether we have to address the ACCA issues. Well, no. I mean, I do have... I would insist... I would urge that actually a FRERETA... A problem with FRERETA at sentencing is actually subject to harmless error analysis, and we can talk about that. This court's decision in Manus held that a FRERETA error is subject to harmless error analysis. Granted, that was an improper denial of the FRERETA right, but the FRERETA right is the right to counsel. Whether it's denied because I make a defendant go to trial with a lawyer I don't like, or I grant... I improperly grant the defendant the right to go pro se, I've still violated the FRERETA-based right to counsel. I thought Judge McGeough was asking you what we do with the... She was, but I was suggesting that if I say it's harmless, if the court was prepared to say that the FRERETA error was harmless, then you would need to get to the ACCA. So let's just adjust that, my question then. Okay. Let's assume that it's not. Okay, if you're prepared to say that it's not harmless... I'm just asking... I understand. I understand. The answer to that would be no. No to what? The district court could consider them in the first instance. So if you're asking would you necessarily have to reach them, no, no. If you were going to say that he was improperly denied his FRERETA rights, I think the ACCA issues become moot because resentencing has to happen and all these arguments can be litigated then. So I don't think you do necessarily need to reach them. Were the court inclined to, I would just point out that the arguments, the primary argument that's been advanced today, the whether or not the finding of separateness is a jury question and there's some, it's like we're not disputing whether or not factually the judge, there was enough evidence assuming it's not a jury question that the judge could find separateness. The defense position seems to be that it is in fact a jury question, therefore absent a jury finding by the federal court, the judge was just precluded from looking at anything. And that argument is foreclosed by Grissel. I mean the very argument advanced was rejected by this court and bank. And DeCamps is just not irreconcilable with Grissel. There is a fundamental difference. Well, suppose that there had, this is an unusual case in that the, at least one indice of separate occasions, the dates is in the jury verdicts in the state court. But suppose it were. If it were not in the, well, the more, wouldn't DeCamps just apply directly? No, it would not. And why not? Well, for the same reason in Grissel it did not apply directly. Well, Grissel was decided when our case law about the difference between factual findings and elements was different and was not reconcilable with DeCamps, which is why the DeCamps came out differently than our on-bank case in Aguillon. But Grissel did not turn on that kind of fact-based. It did. I mean, I don't understand. It turned on the notion that the date of the offense is somehow, because it's in the charging papers, was therefore something that was found by the jury. I believe it was because it was on the face of the judgment, not because it was charged. Okay, but even if it was on the face of the judgment but not somehow required to be found by the jury. I mean, in other words, it may be on the face of the judgment that he robbed a house rather than a boat, but we know from DeCamps that that doesn't matter if it wasn't an element of the crime. So why is this different? The problem is trying to import DeCamps into what is essentially an apprendi question. The date of the offense, similar to the statute of... DeCamps rests directly on apprendi concerns. It does, but it goes a step further. No one disputes, I don't think anyone disputes, that the sentencing judge can determine the statute of conviction. We don't need a jury finding to say that you were convicted of violating statute X. But why is the date different? Why is the difference between it happened on April 1st from it was a boat, not a house? Because the date is akin to the statute. It's simply a historical... It's a historical fact unrelated to the defendant's conduct. The defendant's conduct, his criminal conduct, is not a function of when it happened. That's just a historical fact about when the crime occurred. So determining whether or not the statute, and hence the defendant's conduct... Well, if somebody is charged with murdering someone on... With possessing drugs on April 1st, is it a defense... Wouldn't it be a defense that I simply... Can you defend on the ground that I didn't have him on April 1st, I had him on April 2nd? No, you cannot. What's the relevance of the April 1st in the judgment? It's a historical fact about when it happened. I mean, the government... It's not a historical fact unless somebody finds it. It's a historical fact in the same way that the statute of conviction is a historical fact. It is divorced from the defendant's... I'm sorry, I don't understand that. There are obviously factual disputes that can occur, and they're not infrequent about where were you at a certain time on April 1st, right? Yes. The distinction is this. It is not a crime to sell drugs on April 1st. It is a crime to sell drugs. And whether that crime of selling drugs qualifies as a serious drug offense or a violent felony... Therefore, the fact of whether it's April 1st or April 2nd or April 3rd, and that appears in the judgment, is irrelevant to the underlying offense, arguably, unless for some reason it's relevant, as maybe it was here. But it could be irrelevant, and it could be that the fact that it appears in the judgment is just a fortuity, and it's nothing to do with what was, in fact, found to be the offense that was... What he was convicted of. Was he convicted of doing it on April 1st? Well, that's the problem, okay? Is that the decamps prong, the decamps concern, and by the way, every single case dealing with overbreath and trying to define what's a violent felony deals with the criminal conduct. What you're not supposed to do is say, okay, I want to see whether the actions you took, in fact, satisfy the generic element of burglary or arson or what have you. That's where the decamps inquiry is relevant. Well, this is just more irrelevant, the way you're now talking about it. It's even less relevant. I don't think so, Your Honor, because the point being is that the date is not... The date of the offense is simply just not part of the whole decamps inquiry. They're separate concerns. Conflating the decamps issue about whether or not something is a means or an element... I'm not saying that, but I'd like to have you tell me why. I don't understand it. We have immigration cases all the time in which somebody says that something happened on April 2nd and then he says it happened on April 5th and we say, oh, you're just not a credible person because it's terribly important whether it happened on April 2nd or April 5th. And there's a factual dispute about whether it happened on April 2nd or April 5th. You're saying that we're just supposed to know because it's on the judgment that it just happened that way and that that matters for some reason without ever having gone to a jury whether it happened on April 2nd? Well, that would happen quite often, in fact, in cases where there's guilty pleas, right, where you don't have a verdict, where you don't have an actual jury finding. You're still going to have a judgment that's going to reflect the date of the offense. You're going to have an information that reflects the date of the offense. This is what I was saying before. That's because there's some background understanding that something has to distinguish one offense from another. And for purposes of state law, maybe it is the date, but it's not because there's something... And then it would have to go to the jury, and in this instance, it did go to the jury. But if it didn't go to the jury at all, if there was no jury verdict on it, I don't see what's the difference between the date and anything else. Well, because, again, well, I'm obviously not, either I'm not explaining it as well as I can or the court just is not accepting my position, which is that the issue in DeKamps is substantive, i.e., what is the substantive elements of the crime and does the substantive elements of those crimes match the generic crime. That is a different inquiry under the statute. Whether something qualifies as a violent felony or a serious drug offense is a separate... But if it's a fact that is essential to the finding of the offense, why does it have to go to the jury? Because the exception is for, there is the Apprendi exception for the fact of conviction. The Torres exception, which is an exception for what was the conviction, not for what was the underlying facts of the crime. Underlying... The underlying fact of the crime. And I think Your Honor hit it on the head, underlying facts of the crime. The date is not a fact of the crime, it's just a historical fact on when the crime occurred, because the crime, the date isn't an element. I understand that that is a mind-bending problem. It doesn't make sense. I mean, it isn't. Well, then this court... When something happens, there are the ways in which it happens, it's where it happened, and it's when it happened. They're all facts about the happening. I understand. Not about the conviction. It's just... Well, I'm just not convincing you, because this is a historical fact divorced from the elements of the crime. It is a historical fact that is unrelated to the crime, it's unrelated to the inquiry at issue in DeCamps, which is DeCamps in all those cases deal with the question of whether or not a state offense qualifies as a serious drug offense or a violent felony. It doesn't deal with the separate question of what the separate statutory requirement under 924E1 that the crimes be committed on occasions different from another. The different from another, as this court held in Grissel, is simply a fact of the conviction that doesn't need to be found by the jury. Whether there's tension between that holding and DeCamps, it's not irreconcilable with DeCamps, because they go to different portions of the statute. Okay. Thank you, Your Honor. Thank you very much for your argument. If the finding of the date is a historical fact that raises someone's maximum penalty from 10 to life and the minimum to 0 to 15, a jury needs to find it. So the very argument that it's a historical fact proves the point that this is an Apprendi fact. That maybe won't be the case. My problem here is they did find it. I want to turn to the Feretta issue. I know we... Three things. First, the government proposes that this issue is subject to harmless error analysis, but this court held in Yamashiro that it is not. And minus the case that the government cites is a case about whether someone was denied their Feretta right, as opposed to denied their right to counsel, which is the issue that was addressed in Yamashiro, where the lawyer was excused and then there was no lawyer in the courtroom for part of sentencing. And the court reversed, saying that it's structural error. I know we skipped over the voluntariness issue because perhaps the court wasn't inclined to find that it was involuntary. I just want to point the court's attention to a part of the record where the court asked Mr. Sena, this is right before Mr. Franklin went pro se, do you believe that communications here between you and Mr. Franklin have broken down? Yes, Your Honor. And then on the next page, Mr. Sena has answered the question of whether or not communications with you has broken down to the point where he's unable to assist you further. So we have a case here where the judge has found and the fourth lawyer has said, I cannot assist him further. And the only option that was left to Mr. Franklin was, continue with the lawyer who's just said he cannot assist you further, who has just filed a... The question is whether when you were dealing with the fifth, as I said before, you're essentially arguing the judge should have appointed another lawyer. The judge could have appointed another lawyer at that point. And should have appointed another lawyer rather than put the defendant to the choice of using this lawyer or representing himself pro se. And the question is whether at some point, and this case may be a very good example of that point, the judge can't do that and say, you know, I'm not appointing another lawyer. You have a choice. You can take this lawyer or you can go pro se and then do what wasn't done here, which was give a complete explanation of the problems with going pro se and then put the defendant to that choice. Would that be a voluntary choice? Your argument, I gather, is no. Well, I don't want to belabor the point. I can't delay infinitely if there's a breakdown in communications. The judge has to keep appointing lawyers. No, I don't believe that. But I don't want to belabor this point. I don't know that I'm going to convince this court. But this is a case in which his problems with his lawyers were corroborated. This lawyer did not even visit him for the time, from between the time of appointment to the time of the motions cutoff. And then after the trial, four months passed and the lawyer only visited once. He missed his deadline to file sentencing papers. And when he finally filed sentencing papers two months late, they were utterly non-substantive. So a rule that says the court can just say, OK, from now on, you can either go with this lawyer or have no lawyer would allow the fourth lawyer, the last lawyer in the case, to basically do nothing. Right? I'm now the fifth lawyer in this case. But I'm not allowed to do nothing. If I decided to do nothing, the court would be required to appoint another lawyer. I don't want to belabor the point. I think it's very clear, though, as the court has pointed out, that he didn't get the colloquy. He didn't get the explanation as to what it was that a lawyer could do for him. And in fact, the government has argued on appeal that he's waived all of his sentencing issues because he didn't know what he had to do. OK. Thank you very much. Thank both of you for your arguments. The case of United States v. Franklin is submitted, and we will go to the last case of the day and of the week, Ground Zero Center v. United States Department of the Navy.
judges: Graber, Berzon, Murguia